**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-00264-001-TUC-MSA |
| Plaintiff, | **ORDER** |
| v. | |
| Nelcy Beatrice Harold, | |
| Defendant. | |

Pending before the Court is Defendant Nelcy Beatrice Harold's motion for a hearing concerning a writ of garnishment that was recently served on her employer. The motion will be denied.

## Background

In 2006, Defendant was charged with making false statements to the United States Department of Housing and Urban Development. (Doc. 1.) In 2007, she pleaded guilty to that offense and was sentenced to a five-year term of probation. (Docs. 19, 20.) The Court also ordered that Defendant pay restitution in the amount of $15,028. (Doc. 20.) In September 2022, the Government applied for a writ of garnishment, indicating that Defendant still owes $10,187.13 on the judgment. (Doc. 31.) A writ was granted and served on Defendant and her employer. (Doc. 34.) In response, Defendant, who is unrepresented, filed the currently pending motion for a hearing. (Doc. 35.) The Government opposes the motion. (Doc. 37.)

. . . .

**Discussion**

The Government may, as it attempts to do here, enforce criminal restitution orders through a writ of garnishment issued under the Federal Debt Collection Procedures Act (FDCPA). *United States v. Gianelli*, 543 F.3d 1178, 1182–83 (9th Cir. 2008); *see United States v. Harris*, 854 F.3d 1053, 1055–57 (9th Cir. 2017) (per curiam) (upholding the Government's use of a writ of garnishment under 28 U.S.C. § 3205 to enforce a restitution order). The Government may also, as it attempts to do here, pursue collection under the FDCPA notwithstanding the existence of a court-ordered payment plan. *United States v. Webb*, No. CR–10–01071–001–PHX, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014). As such, the writ of garnishment is valid.

As noted above, Defendant seeks a hearing concerning the writ of garnishment. A debtor is entitled to a hearing under the FDCPA if, within 20 days after receiving notice of the writ of garnishment, she requests a hearing raising at least one of the following issues: (1) "the probable validity of any claim of exemption"; (2) the Government's "compliance with any statutory requirement for the issuance" of the writ; or (3) "the probable validity" of a debt that is merged into a default judgment. 28 U.S.C. § 3202(d); *see United States v. Bruneau*, No. CR–09–8098–1–PCT, 2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013) (collecting cases holding that a hearing is unwarranted in the absence of one of the three statutorily specified issues), *report and recommendation adopted by* 2013 WL 6409486 (Dec. 9, 2013). A debtor is also entitled to a hearing if, within 20 days after the garnishee files an answer to the writ, she files an objection to the answer and a request for a hearing. 28 U.S.C. § 3205(c)(5).

Defendant asserts that she believed the restitution amount was discharged in bankruptcy. However, a debt arising from a criminal restitution order is not dischargeable in bankruptcy. *In re Soderling*, 998 F.2d 730, 733 (9th Cir. 1993). As for her reason for requesting a hearing, Defendant asserts that she will be unable to pay her bills if the Government is allowed to garnish 25% of her paycheck. This reason does not pertain to whether her earnings are exempt from garnishment or whether the Government followed

the correct procedure for obtaining the writ of garnishment. The third statutorily specified reason is not applicable because the criminal restitution order is not a default judgment. Finally, the garnishee has not yet answered, so a hearing is not warranted under § 3205(c)(5).[1]

Therefore,

**IT IS ORDERED** that the motion for a hearing (Doc. 35) is **denied**.

Dated this 16th day of November, 2022.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

---

[1] Defendant states that she can pay up to $100 per month while maintaining the ability to pay her rent. The Government may wish to consider that arrangement. (*See* Doc. 29 (ordering Defendant to pay $100 per month)); *Bruneau*, 2013 WL 6409486, at *1 (accepting a stipulation requiring the defendant to pay $150 per month instead of 25% of his earnings).

- 3 -